# Exhibit D

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

DORCAS INTERNATIONAL
INSTITUTE OF RHODE ISLAND, et al.,

*Plaintiffs,*

v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, et al.,

*Defendants.*

Case No. 1:26-cv-00132-JJM-PAS

## DECLARATION OF NEAL SWEENEY
## IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

I, Neal Sweeney, make this declaration based on my personal knowledge. I declare under penalty of perjury that the following is true and correct:

1. I currently serve as an International Representative in the Higher Education Department of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"), where I have worked since 2024. Prior to joining the staff of the International Union, I served for a number of years in various elected positions with UAW Local 5810 (now part of UAW Local 4811), representing postdoctoral scholars and researchers at the University of California.

2. I am over the age of eighteen and am competent to give this declaration. I have personal knowledge of the facts set forth in this declaration in support of

Plaintiffs' position in this matter, and if called as a witness in this action, I could and would testify competently to these facts.

**Background on UAW**

3.    The UAW is a 501(c)(5) organization headquartered in Detroit, Michigan.

4.    UAW was founded in 1935 and is one of the largest and most diverse unions in the United States, with members in virtually every sector of the U.S. economy. Central to UAW's mission is the advancement of the labor interests of its members and would-be members; to unite its diverse membership in a single organization to advocate for workers' rights; and to educate its membership in the history of the Labor Movement. UAW also participates in advocacy at all levels of government for policies that promote its labor objectives and the interests and wellbeing of its members and urges its members to do so, as well. Although UAW does not collect citizenship information about its members, its chapters include substantial numbers of lawfully present, noncitizen members, many of whom rely on Employment Authorization Documents ("EADs") to work. In Rhode Island alone, such chapters include UAW Local 7770, in Tiverton. Many of UAW's members, including its noncitizen members, actively participate in local UAW unions, serving in leadership positions.

5.    UAW has nearly 1,000,000 active and retired members. The UAW has members in virtually every sector of the economy.  UAW-represented workplaces include multinational corporations, small manufacturers and state and local

governments, colleges and universities, and hospitals and private non-profit organizations. In higher education, the UAW represents approximately 120,000 workers, including graduate students, postdoctoral scholars, researchers, university staff, and faculty, at institutions across the country.

6.     The UAW Constitution provides the foundation of the day-to-day operations of the union and sets forth the rights, guarantees, and responsibilities of UAW members and leaders. *See* Constitution of the United Automobile, Aerospace and Agricultural Implement Workers of America, https://uaw.org/wp-content/uploads/2023/11/Updated-2022-Constitution-8.30.23.pdf (Aug. 30, 2023). Article 6, Sections 2(a) and 4, of UAW's Constitution sets forth the requirements of membership in UAW.

> **Section 2.(a)** Any person eligible to become a member of the International Union who is not affiliated with any organization whose principles and philosophy are contrary to those of this International Union as outlined in the Preamble of this Constitution, may apply for membership to the Local Union having jurisdiction over the workplace in which they are employed. The applicant must, at the time of application, be an actual worker in and around the workplace. All applicants for membership in any Local Union of the International Union shall fill out an official application provided by the International Union, answering all questions contained in such application, and sign a promise to abide by all laws, rules and regulations and the

Constitution of the International Union. All applications thus received shall be referred to the Local Union for consideration and shall be acted upon as soon as possible, but not later than sixty (60) days from the date the application is received by the Financial Secretary of the Local Union.

**Section 4.** Upon acceptance of the application, membership shall date from the first day of the month for which dues are paid or dues check-off is authorized.

7.      As part of its core activities, the UAW regularly consults, works with, and provides guidance to local chapters and individual members regarding shared governance and other issues involving the employment relationship between UAW members and their employers, including but not limited to collective bargaining. Access to immigration status and benefits are commonly an issue at the bargaining table.

**Impact of Challenged USCIS Policies on UAW Members**

8.      I am aware of and can identify UAW members who are being irreparably harmed by USCIS' November 27, December 2, and January 1 policies ("Challenged Policies"). These UAW members will suffer irreparable harm to their work, personal lives, and ability to pursue their careers if they are not able to receive the benefits affected by the Policies.

9.      The UAW estimates that hundreds, if not thousands of its members, are and will be impacted by the challenged USCIS policies. In higher education, the UAW

4

represents thousands of members on F-1 and J-1 visas, including members from the countries singled out in the USCIS policies.  Some of these members had visa or green card applications pending which have now been paused, while others will be required to apply for new visas, or will seek other immigration benefits from USCIS to allow them to lawfully stay in the United States to continue their studies, research and careers in academia.

10.    UAW members affected by the challenged USCIS policies face extreme uncertainty in their studies, research, and lives. UAW members whose applications are paused are unsure whether they will be able to remain in the US and continue their studies or research projects at US institutions. Similarly, UAW members who need to apply for new or different visas or immigration statuses in the near future to continue studying and working in the US, may have to leave the country and abandon important research and scholarship. These impacts harm not only the UAW's members, but the US-based institutions at which they work.

11.    For example, **UAW Member A** is from Iran. He is a neuroscientist working in the fields of brain stimulation, psychiatry, and translational neuroscience, with a focus on developing and optimizing non-invasive neuromodulation treatments (e.g., transcranial magnetic stimulation) for psychiatric disorders such as treatment-resistant depression. He filed a Form I-140, Petition for Alien Worker ("Form I-140" or "employment-based immigrant visa petition" or "petition"), with USCIS requesting a second-preference, employment-based immigrant visa ("EB-2 visa") and a national interest waiver around September 2023. This petition was approved around June

2024. He subsequently filed his Form I-485, Application to Register Permanent Residence or Adjust Status ("Form I-485" or "adjustment of status application"), requesting adjustment of status, as well as a Form I-765, Application for Employment Authorization ("application for employment authorization"), and a Form I-131, Application for Travel Documents, Parole Documents, and Arrival/Departure Records ("application for a travel document"), requesting employment authorization and a travel document  around June 2025. He is currently on a J-1 nonimmigrant visa. When Member A checked the status of his adjustment of status application before the USCIS policies went into effect, the website included a function that would tell applicants a rough estimate of how long their case would take to process (i.e. "80% of cases like yours are processed in eight months").

12.    As a result of these policies, adjudication of UAW Member A's adjustment of status application, his application for employment authorization, and his application for a travel document have all been paused. As a result, his case has not progressed through normal processing despite an approved employment-based immigrant visa petition. This indefinite pause has created significant uncertainty and stress for Member A and his family regarding their immigration status, employment authorization continuity, and ability to travel internationally. Timely resolution of his application for adjustment of status is critical for maintaining continuity of his research program, career advancement in academic environment, and stability for his family in the United States.

13.    In March 2024, **UAW Member B** came to the U.S. on a J-1 nonimmigrant visa. His wife is on a J-2 nonimmigrant visa. UAW Member B is a postdoctoral researcher of biomedical imaging at a public university. UAW Member B filed a Form I-140 requesting an EB-2 visa and national interest waiver I-140 around September 2025. His J-1 nonimmigrant visa expires this September. UAW Member B's wife had an EAD through her J-2 visa, but the EAD expired at the end of March. She timely applied to renew her EAD but has not received the new document and thus had to leave her job as a pharmacy technician.

14.    As a result of the Benefits Hold, adjudication of UAW Member B's petition has been paused, and his case has not progressed through normal processing. He submitted a J-1 visa transfer request that would extend his J-1 status, but that request remains pending. The Benefits Hold also prevents his wife from receiving a renewed EAD, so she can no longer work. The indefinite pause has created deep anxiety for UAW Member B and his wife regarding their immigration status, employment authorization continuity, and ability to advance professionally. Timely resolution of UAW Member B's petition and his wife's request for EAD renewal are critical for maintaining their careers in the U.S. and stability for their family in the United States.

15.    UAW Members A and B represent just some of the many UAW members whose personal and professional lives are being negatively impacted by the Challenged Policies.

Signed under pains and penalty of perjury, this 2nd day of April 2026.

Neal Sweeney
International Representative
International Union, UAW