**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| DORCAS INT'L INST. OF R.I., *et al.*, Plaintiffs. | |
| v. | Civil Action No. 26cv132-JJM-PAS |
| U.S. CITIZENSHIP AND IMMIGRATION SERVS., *et al.*, Defendants. | EXPEDITED CONSIDERATION REQUESTED |

<u>**MOTION FOR ENTRY OF FINAL JUDGMENT, OR FOR CLARIFICATION REGARDING VACATUR ORDER**</u>

The government hereby moves this Court to enter final judgment under Rule 54(b) on the claims resolved in this Court's Memorandum and Order (ECR 28).  In the alternative, the government requests that the Court clarify that its Memorandum and Order (ECR 28) operates as an injunction pending issuance of a final judgment.  The government makes this motion to both clarify its current obligations under this Court's Memorandum and Order and understand the appropriate avenue on which to appeal.  Once this Court issues a final judgment or makes clear it has issued a coercive order, DHS has prepared to and will treat the relevant policies as vacated or enjoined.

Typically, when an opinion issues vacating agency action, the Court enters a final judgment such that the Court's vacaturs take effect immediately, or after a set time.  The government then can appeal the order as a final judgment and seek a stay pending appeal from this Court and, if necessary, the court of appeals.  If this Court instead clarifies that the vacatur contained in its Memorandum and Order (ECR 28) operates as an injunction pending the handing down of a final judgment, the government would then be able to appeal under 28 U.S.C. § 1291(a)(1) and seek a stay pending appeal.

On June 5, 2026, this Court issued its Memorandum and Order (ECF 28) granting in part Plaintiffs' motion for summary judgment.  This Court explained that "[e]ach of the Challenged Policies—the Global Asylum Hold Policy, the Benefits Hold Policy, the Comprehensive Re-Review Policy, and the Country-Specific Factors Policy—are declared unlawful and are hereby VACATED and SET ASIDE."  ECF 28 at 135.  This Court also declined to dismiss Plaintiffs' constitutional claims, and declined to enter a permanent injunction.  *Id.*  No preliminary injunction had been sought in this matter.

Unlike a preliminary injunction, vacatur is a final, not a preliminary remedy.  *See* 5

2

U.S.C. § 706(2)(A).   But unlike injunctions, final remedies become effective when they become appealable—that is, when the court enters final judgment.  *See* Fed. R. Civ. P. 54(a) (judgment is "any order from which an appeal lies"); 54(b) (any order that adjudicates fewer than all the claims "may be revised at any time before the entry of a judgment adjudicating all the claims"); *see also* Fed. R. Civ. P. 56, advisory committee notes to 1946 amendment ("[P]artial summary judgment is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case.").   Here, the Plaintiffs' constitutional claims remain pending, *see* Compl. ¶¶ 206-224, and the Court has not directed entry of a partial final judgment under Federal Rule of Civil Procedure 54(b).  Thus, to the extent the June 5, 2026 Order ordered relief in the form of vacatur of the polices, that ruling remains subject to amendment and the entry of final judgment is necessary to both effectuate that final remedy and make such judgment appealable.  *See East Bay Sanctuary Covenant v. Trump*, Judgment, No. 18-6810 (N.D. Cal. June 3, 2026) (issuing appealable final judgment once remaining claims dismissed in order to effectuate vacatur of federal rule); *see also Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("partial summary judgment as applied to an interlocutory summary adjudication is often a misnomer" as "partial summary judgment is merely a determination before the trial that certain issues shall be deemed established in advance of the trial"); Fed. R. Civ. P. 54(b) (providing that, absent certification of partial final judgment, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties").  An appeal from this Court's partial summary judgment order may be jurisdictionally improper.  *See Quinn v. City of Boston*, 325 F.3d 18, 26 (1st Cir. 2002) ("In the usual case, an appeal must await the entry of a final judgment, commonly regarded

as a judgment that fully disposes of all claims asserted in the action"). The First Circuit has emphasized that "the parties have an obligation to bring this requirement to the district court's attention." *Id.*

Accordingly, the government moves this Court to enter final judgment to effectuate this Court's vacatur and enable an immediate appeal. Final judgment can be entered on fewer than all the claims "if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see Quinn*, 325 F.3d at 26. The First Circuit instructs this Court to address the "desirability and effect of an immediate appeal." *Quinn*, 325 F.3d at 26. An immediate entry of judgment is warranted here to give effect to this Court's vacatur, and permit the government to appeal and seek a stay, and because appellate resolution of the APA issues may obviate the need for any court to address the constitutional issues or provide guidance in resolving those issues. *See* ECF 28 at 133 (reasoning that ruling on complex constitutional claims is "not necessary" given ruling on APA claims). Such an appeal would plainly "serve the public interest" given the "broad impact" of this Court's ruling. *Quinn*, 325 F.3d at 18.

In the alternative, if the Court does not wish to enter final judgment at this time, the government requests that this Court clarify that its vacatur order is effective prior to judgment—*i.e.*, such that it operates as an injunction—and provide clarity that the government may immediately appeal under 28 U.S.C. § 1292(a)(1). We note that the issuance of an injunction requires consideration of the injunctive factors, ECF 28 at 129-30, so the more efficient course for this Court to effectuate its ruling may be to direct entry of final judgment as proposed above.

Dated: June 9, 2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

CHARLES C. CALENDA
First Assistant United States Attorney

/s/ *Tyler J. Becker*
TYLER J. BECKER (V.A. Bar No. 97636)
Counsel to the Assistant Attorney General
U.S. Department of Justice, Civil Division
Tel.: (202) 514-4052
Email: tyler.becker@usdoj.gov

*Attorneys for the Defendants*

### Certificate of Service

I hereby certify that on June 9, 2026, I electronically filed the foregoing MOTION FOR ENTRY OF FINAL JUDGMENT, OR FOR CLARIFICATION REGARDING VACATUR ORDER, and it is available for viewing and downloading from the Court's CM/ECF system, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

/s/ *Tyler J. Becker*
TYLER J. BECKER
Counsel to the Assistant Attorney General