## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF RHODE ISLAND

DORCAS INTERNATIONAL
INSTITUTE OF RHODE ISLAND, et al.,

     *Plaintiffs,*

v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, et al.,

     *Defendants.*

Case No. 1:26-cv-00132-JJM-PAS

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT OR FOR CLARIFICATION REGARDING VACATUR ORDER**

Five days ago, this Court entered an order granting Plaintiffs partial summary judgment and vacating and declaring unlawful the immigration policies challenged in this litigation. ECF No. 28. Yet, the government, by its own admission, continues to treat the vacated and unlawful policies as operative. As a result—and contrary to this Court's unambiguous order—the government persists in withholding citizenship, green cards, work permits and other essential immigration benefits from Plaintiffs' members and clients, as well as immigrants around the country.

The government has now filed a motion for entry of final judgment under Federal Rule of Civil Procedure 54(b). ECF No. 31. In its motion, the government makes clear that it will not comply with the Court's vacatur order unless and until the Court grants its motion for entry of final judgment. *See* ECF 31 ("Once this Court issues a final judgment or makes clear it has issued a coercive order, DHS has prepared to and will treat the relevant policies as vacated or enjoined."). That threat

1

has no basis in the law. The Court's vacatur order was effective the moment it was issued. Accordingly, the government errs in suggesting that entry of final judgment under Federal Rule of Civil Procedure 54(b) is necessary to render the Court's vacatur order enforceable.

However, Plaintiffs nonetheless agree that the standard for certification under Rule 54(b) has been satisfied. Given that the Court's vacatur order is presently effective, enforceable and binding on the government, Plaintiffs do not oppose the Court entering final judgment under Rule 54(b) to facilitate an appeal of that order.[1]

## I.    Entry of final judgment under Federal Rule of Civil Procedure 54(b) is not necessary to render the Court's vacatur order enforceable.

The government claims that entry of final judgment under Federal Rule of Civil Procedure 54(b) is necessary "to clarify its current obligations" under the Court's order. ECF No. 31 at 2. And the government's motion makes clear it has thus far refused to comply with the Court's order vacating the Challenged Policies and will comply with that order only if the Court grants a final judgment under Rule 54(b). *Id.* But that's not how a court order works. The Court's order vacating the Challenged

---

[1] The government's litigation conduct with respect to its motion for entry of final judgment raises concerns. Counsel for Plaintiffs met with counsel for the government at the United States Attorneys' Office on Monday, June 8, to discuss whether Plaintiffs would consent to the government's anticipated Rule 54(b) motion, on the one hand, and whether the government had made sufficient efforts to implement the vacatur of these policies, consistent with the Court's Order, on the other. Counsel agreed to confer with our respective clients, and had a follow up meeting scheduled for Thursday, June 11. Notwithstanding this ongoing discussion, the following day, Tuesday, June 9, counsel for the government from Main Justice entered an appearance and filed the Rule 54(b) motion without mentioning Plaintiffs' position or the ongoing meet and confer, and making clear that defendants have made no efforts to implement the vacatur.

Policies was effective and enforceable the moment that it was issued. And the government was required to comply  with that order immediately by vacating the Challenged Policies. Indeed, courts routinely enter interlocutory orders that are not appealable but are immediately effective and enforceable. *E.g.*, Fed. R. Civ. P. 37(a) (authorizing orders compelling disclosure or discovery); *Bennett v. City of Bos.*, 54 F.3d 18, 20 (1st Cir. 1995) (discovery orders "are generally not appealable"); *see also Awuah v. Coverall N. Am., Inc.*, 585 F.3d 479, 481 (1st Cir. 2009) ("[T]he final judgment rule implicitly accepts that some harms may result from deferring appeals.").

The government's position—that an order vacating an unlawful agency action pursuant to the Administrative Procedure Act operates as a mere recommendation until a final judgment is entered—lacks any legal foundation. In support of its suggestion that "final remedies become effective when they become appealable," the government points to various provisions in the Federal Rules of Civil Procedure, none of which is on point. ECF No. 31 at 3. For instance, the government cites Rule 54(a), but that rule simply defines a "judgment" as "an order from which an appeal lies." It says nothing to suggest that an order is unenforceable unless and until it is appealed. Likewise, Rule 54(b), also cited by the government, governs when the court may enter an appealable final judgment, but again, says nothing about whether a not-yet-appealable order is enforceable.

The caselaw cited by the government is equally unpersuasive. The government cites *East Bay Sanctuary Covenant v. Trump,* No. 18-cv-6810, Judgment, ECF No.

3

231, (N.D. Cal. June 3, 2026). But there, the court simply entered a stipulated final judgment without explaining why. The government's assertion that the court did so "in order to effectuate vacatur of federal rule," ECF No. 231, is nowhere to be found in the court's judgment.  Likewise, the government cites a footnote in *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981), but that footnote merely states the term "partial summary judgment" is sometimes a "misnomer" because not all partial summary judgment orders in fact result in issuance of a final judgment. The case says nothing about whether an order granting partial summary judgment is immediately enforceable.

In short, the government badly errs in suggesting that entry of final judgment under Rule 54(b) is necessary to render the Court's vacatur order effective and enforceable. To the contrary, the vacatur was effective and enforceable upon issuance, and the government is now in confessed non-compliance with the Court's order.

## II.    The Court should nonetheless enter final judgment under Federal Rule of Civil Procedure 54(b) in order to facilitate an appeal.

Federal Rule of Civil Procedure 54(b) is nonetheless the proper vehicle for the government to appeal the Court's vacatur order.[2] Rule 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay." A Rule 54(b) judgment is warranted when it is necessary "to avoid some perceptible

---

[2] Plaintiffs agree with the government that construing the Court's order as a preliminary injunction is not the best vehicle to render the order appealable given that the Court's order declined to enter injunctive relief and did not fully consider the equitable factors relevant to the issuance of injunctive relief.

'danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Vill. W. Assocs. v. Rhode Island Hous. & Mortg. Fin. Corp.*, 641 F. Supp. 2d 135, 137 (D.R.I.) (quoting *Walden v. City of Providence,* 450 F. Supp. 2d 172, 174 (D.R.I. 2006)). Here, as explained above, the Court's vacatur order is effective, enforceable, and binding on the government. Because the Court's order is binding on the government, Plaintiffs do not contest that the government should have the opportunity to appeal and that entry of final judgment under Rule 54(b) is appropriate.

* * *

Given that the Court's order has been effective, enforceable, and binding on the government from the moment it was issued, Plaintiffs do not oppose the entry of final judgment under Federal Rule of Civil Procedure 54(b).

Dated: June 10, 2026                    Respectfully submitted,

/s/ Amy R. Romero
Amy R. Romero (RI Bar No. 8262)
Kevin Love Hubbard (MA Bar No. 704772)*
DeLuca, Weizenbaum, Barry & Revens, Ltd.
199 North Main Street
Providence, RI 02903
(401) 453-1500
amy@dwbrlaw.com
kevin@dwbrlaw.com
Cooperating Counsel, Lawyers' Committee for
    Rhode Island

/s/ Ryan Cooper
Ryan Cooper (DC Bar No. 1645301)*
Anashua Dutta (DC Bar No. 90007329)*
Catherine M.A. Carroll (DC Bar No. 497890)*
Robin F. Thurston (DC Bar No. 1531399)*
Democracy Forward Foundation

5

P.O. Box 34553
Washington, DC 20043
202) 448-9090
rcooper@democracyforward.org
adutta@democracyforward.org
ccarroll@democracyforward.org
rthurston@democracyforward.org

/s/ Kristy Blumeyer-Martinez
Kristy Blumeyer-Martinez (TX Bar No. 24087177)*
Mona Iman (CA Bar No. 309525)*
Refugee and Immigrant Center for
Education and Legal Services
131 Interpark Boulevard
San Antonio, TX 78216
(210) 222-0964
mona.iman@raicestexas.org
kristy.blumeyermartinez@raicestexas.org

/s/ Melissa Keaney
Melissa Keaney (CA Bar No. 265306)*
Abbey Koenning-Rutherford (CO Bar No. 59636)*
Muslim Advocates
1032 15th Street NW No. 362
Washington, DC 20005
(202) 655-296
melissa@muslimadvocates.org
abbey@muslimadvocates.org

/s/ Kalpana V. Peddibhotla
Kalpana V. Peddibhotla (Cal. Bar No. 200330)*
Anisa Rahim (NJ Bar No. 007802007)*
South Asian American Justice Collaborative
333 West San Carlos Street Suite 600
San Jose, CA 951110
(408) 550-9240
kalpana@saajco.org
anisa.rahim@saajco.org

*Counsel for Plaintiffs*
*Admitted pro hac vice

6

**CERTIFICATE OF SERVICE**

I, hereby, certify that I caused the foregoing motion and all attachments to be filed electronically with the Court and served on all counsel of record using the CM/ECF system.

Dated: June 10, 2026

/s/ Ryan Cooper
Ryan Cooper
*Counsel for Plaintiffs*