## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DORCAS INTERNATIONAL INSTITUTE OF RHODE ISLAND, et al., *Plaintiffs,* v. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al., *Defendants.* | Case No. 1:26-cv-00132-JJM-PAS EXPEDITED RELIEF REQUESTED |

### PLAINTIFFS' MOTION TO ENFORCE THE COURT'S JUNE 5, 2026, ORDER AND REQUEST FOR EXPEDITED CONSIDERATION

Plaintiffs respectfully move the Court to enforce its June 5, 2026, Memorandum and Order, ECF No. 28, which vacated and declared unlawful the policies challenged in this litigation.

### INTRODUCTION

Five days ago, this Court entered an order granting Plaintiffs partial summary judgment and vacating and declaring unlawful the immigration policies challenged in this litigation. ECF No. 28. Yet, the government, by its own admission, continues to treat the vacated and unlawful policies as operative, and has made clear that it believes the Court's order vacating those policies is not presently enforceable.[1] ECF

---

[1] Plaintiffs conferred with the government's counsel and requested information confirming the government's compliance with the Court's order. Counsel for Plaintiffs met with counsel for the government on Monday, June 8, to discuss, in part, whether the government had made sufficient efforts to implement the government's Vacatur Order and, in part, whether Plaintiffs would agree to entry of final judgment on Federal Rule of Civil Procedure 54(b). Counsel scheduled a follow-up meeting for Thursday, June 11. However, on Tuesday, June 9, the government proceeded to file

No. 31. Indeed, Plaintiffs are unaware of any evidence that the government has taken any steps over the last five days to effectuate the Court's vacatur order. Each of the policy memoranda vacated by the Court remain up on the government's website, as do the now vacated amendments to the United States Citizenship and Immigration Services (USCIS) Policy Manual.[2]

As a result—and contrary to this Court's unambiguous order—the government continues to withhold citizenship, green cards, work permits and other essential immigration benefits from Plaintiffs' members and clients, as well as immigrants around the country. The Court's order documents the extensive harms that the challenged policies have and continue to inflict on immigrant communities. *See* ECF No. 28 at 66–85. With each day that passes, those harms continue to accumulate and compound.

---

a motion for entry of final judgment under Federal Rule of Civil Procedure 54(b) short circuiting the ongoing meet-and-confer process.

[2]*See* USCIS, Policy Memorandum: Hold and Review of USCIS Benefit Applications Filed by Aliens from Additional High-Risk Countries (Jan. 1, 2026), https://www.uscis.gov/sites/default/files/document/policy-alerts/PM-602-0194-PendingApplicationsAdditionalHighRiskCountries-20260101.pdf; USCIS, Policy Memorandum: Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries (Dec. 2, 2026), https://www.uscis.gov/sites/default/files/document/policy-alerts/PM-602-0192-PendingApplicationsHighRiskCountries-20251202.pdf; USCIS, Policy Alert: Impact of INA 212(f) on USCIS' Adjudication of Discretionary Benefits (Nov. 27, 2025), https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20251127-Discretion.pdf; *see also* USCIS Policy Manual, vol. 1, pt. E, ch. 8, "Discretionary Analysis," https://www.uscis.gov/policy-manual/volume-1-part-e-chapter-8.

**LEGAL STANDARD**

District courts have broad authority to enforce their own orders. A "court is authorized to issue all orders necessary to enforce orders it has previously issued in the exercise of its jurisdiction." *Rhode Island State Council of Churches v. Rollins*, 158 F.4th 304, 314–15 (1st Cir. 2025) (quoting *Kemp v. Peterson*, 940 F.2d 110, 113 (4th Cir. 1991)). Likewise, "a court has 'great discretion when deciding how to enforce violations of its own orders.'" *Id.* (quoting *Eagle Comtronics, Inc. v. Arrow Commc'n Lab'ys, Inc.,* 305 F.3d 1303, 1314). Ultimately, "t]he question whether a party adequately has complied with a court order is a matter peculiarly within the ken of the judge who issued the order." *Faigin v. Kelly*, 184 F.3d 67, 84 (1st Cir. 1999).

**ARGUMENT**

**I.    The Court should enforce its June 5, 2026, vacatur order.**

This Court should enter an order directing defendants to immediately implement and  effectuate the Court's  vacatur order because: (a) the Court's order vacated and declared unlawful the policies challenged in this litigation; (b) the government, by its own admission, has continued to apply and enforce those policies since the Court's order was entered; and (c) the extraordinary harms these policies continue to inflict on Plaintiffs, their members, and clients weigh  in favor of prompt enforcement.

a. The Court's vacatur order declared four USCIS policies unlawful and vacated those policies pursuant to the Administrative Procedure Act. ECF 28 at 4 ("[E]ach of the Challenged Policies that USCIS enacted—the Benefits Hold Policy,

the Global Asylum Hold Policy, the Comprehensive Re-Review Policy, and the Country-Specific Factors Policy—are declared unlawful and are vacated and set aside."). By vacating the unlawful policies, the Court intended to provide complete relief to Plaintiffs, their members, and clients. *Id.* at 131 ("[V]acatur of the Challenged Policies and a judgment declaring them to be unlawful will provide Plaintiffs with complete relief."). Because the Court's vacatur order was effective and enforceable upon issuance, the order immediately invalidated the Challenged Policies and should have had the immediate effect of providing reprieve to affected individuals.

b. It is now clear that the government has refused to comply with the Court's vacatur order. The government's motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) takes the position that the Court's vacatur order is not effective now because it is not appealable. *See* ECF No. 31 at 3. The government's motion represents that it is willing to comply with the Court's order "once the court makes clear it has issued a coercive order"—the necessary implication being that the government has not yet complied. *Id.* at 2. But as Plaintiffs explained in their response to the government's motion, the notion that a party does not have to comply with a court order until a final judgment has been issued is both extraordinary in implications and utterly devoid of a legal foundation. *See* ECF No. 34 at 2–4. The Court should not entertain the government's evasive and disdainful tactics. The Court's vacatur order was effective and enforceable the moment it was issued, and the government was (and is) required to come into immediate compliance.

c. Plaintiffs cannot wait for the government to come into compliance on its own schedule. As the Court thoroughly documented in its vacatur order, Plaintiffs, their members, and clients are profoundly harmed by the Challenged Policies. *See* ECF No. 28 at 64–65 ("[T]he Court cannot ignore the evidence in this case that establishes the very real and immediate consequences that Plaintiffs face because of the Challenged Policies. As already noted, many of Plaintiffs' members and clients have lost their jobs and their legal status, and they continue to experience financial and emotional distress due to the situation USICS has placed them in."). With each day that passes, these harms accumulate and compound. *See id.* at 65 ("The Court therefore has no trouble in concluding that the Challenged Policies pose a direct and immediate dilemma for Plaintiffs, and the Court recognizes that withholding a decision on Plaintiffs' claims will only exacerbate that harm.").

## II.    The Court should require the government to demonstrate full compliance with its vacatur order.

Plaintiffs respectfully request that the Court enforce its June 5, 2026, vacatur order by ordering Defendants to effectuate vacatur through the following actions and whatever other forms of compliance the Court deems appropriate:

   a. Within twenty-four hours of the Court's order, circulate a copy of the vacatur order to all USCIS personnel and provide instructions to all USCIS personnel on how to comply with the vacatur order;

   b. Within twenty-four hours of the Court's order, update the USCIS website to indicate that the Challenged Policies have been vacated;

c.  Within twenty-four hours of the Court's order, file with the Court a written status report advising the Court as to what specific steps Defendants have taken to comply with the vacatur order; and

d.  File weekly status reports with the Court thereafter until further order of the Court.

## CONCLUSION

Plaintiffs respectfully submit that the Court should enforce its June 5, 2026, Memorandum and Order by requiring the government to affirmatively demonstrate the steps it has taken to comply with that order.

Dated: June 10, 2026

Respectfully submitted,

/s/ Amy R. Romero
Amy R. Romero (RI Bar No. 8262)
Kevin Love Hubbard (MA Bar No. 704772)*
DeLuca, Weizenbaum, Barry & Revens, Ltd.
199 North Main Street
Providence, RI 02903
(401) 453-1500
amy@dwbrlaw.com
kevin@dwbrlaw.com
Cooperating Counsel, Lawyers' Committee for Rhode Island

/s/ Ryan Cooper
Ryan Cooper (DC Bar No. 1645301)*
Anashua Dutta (DC Bar No. 90007329)*
Catherine M.A. Carroll (DC Bar No. 497890)*
Robin F. Thurston (DC Bar No. 1531399)*
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
202) 448-9090
rcooper@democracyforward.org
adutta@democracyforward.org
ccarroll@democracyforward.org

6

rthurston@democracyforward.org

/s/ Kristy Blumeyer-Martinez
Kristy Blumeyer-Martinez (TX Bar No. 24087177)*
Mona Iman (CA Bar No. 309525)*
Refugee and Immigrant Center for Education and Legal Services
131 Interpark Boulevard
San Antonio, TX 78216
(210) 222-0964
mona.iman@raicestexas.org
kristy.blumeyermartinez@raicestexas.org

/s/ Melissa Keaney
Melissa Keaney (CA Bar No. 265306)*
Abbey Koenning-Rutherford (CO Bar No. 59636)*
Muslim Advocates
1032 15th Street NW No. 362
Washington, DC 20005
(202) 655-296
melissa@muslimadvocates.org
abbey@muslimadvocates.org

*/s/* Kalpana V. Peddibhotla
Kalpana V. Peddibhotla (Cal. Bar No. 200330)*
Anisa Rahim (NJ Bar No. 007802007)*
South Asian American Justice Collaborative
333 West San Carlos Street Suite 600
San Jose, CA 951110
(408) 550-9240
kalpana@saajco.org
anisa.rahim@saajco.org

*Counsel for Plaintiffs*
*Admitted pro hac vice

7

**CERTIFICATE OF SERVICE**

I, hereby, certify that I caused the foregoing motion and all attachments to be filed electronically with the Court and served on all counsel of record using the CM/ECF system.

Dated: June 10, 2026

/s/ Ryan Cooper
Ryan Cooper
*Counsel for Plaintiffs*